**Carroll E. WADE, Plaintiff-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Defendant-Appellee.**

**Nos. 26387, 26388.**

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1969.

J. Warren Frazier, Tampa, Fla., Court Appointed Counsel, Carroll E. Wade, pro se, for appellant.

Earl Faircloth, Atty. Gen. of Florida, Tallahassee, Fla., Morton J. Hanlon, Asst. Atty. Gen., Lakeland, Fla., for appellee.

Before TUTTLE, WISDOM and BELL, Circuit Judges.

TUTTLE, Circuit Judge:

This is the second appearance of this case before us. On the first case, this court held that petitioner's allegations that his plea of guilty in the state court was not voluntary and this entitled him to a hearing in the habeas corpus court. The court stated that the case was remanded for a hearing on the issue of "whether appellant's plea of guilty was understandingly and voluntarily made." See Wade v. Wainwright, (5th Cir., 1967) 387 F.2d 386. Wade was charged in the state court on three counts of violating Florida's Statute Ann. § 800.04, the statute which provides a maximum penalty of ten years if a person is found guilty of "handling and fondling a female child under the age of fourteen years." He first pled not guilty, but just before appearing in court, changed his plea to guilty on one count (Count Two of the three counts). It is not disputed that his plea to this count was based upon an agreement by the state prosecuting officer that the other two counts would be nolle prossed. It is also not disputed that at the time he entered the plea he had been told by his counsel that a conviction on all three counts would result in harsher punishment and also that if he did not plead guilty the state would bring ten additional charges against him.

The essential facts to raise the question here are not in dispute. Wade was represented by the Public Defender's office during the period prior to and the entry of the sentence against him. For some unaccountable reason, the trial court sentenced him to serve six months to fifteen years at hard labor, although the maximum penalty provided in the statute is ten years. After going through the state post conviction remedies without success, Wade filed his petition for habeas corpus in the United States District Court for the Middle District of Florida, Tampa Division, which dismissed the complaint without a hearing. As stated above, this judgment was reversed for further proceedings in the trial court.

Upon remand, the trial court promptly determined that the sentence was longer than authorized by the statute and directed that the sentence be vacated unless corrected by the state within sixty days.

With respect to the question of voluntariness of the plea, the following colloquy took place at the time the state trial court accepted it:

"Your Honor, we wish to enter a plea of guilty, changing our former plea of not guilty.

"THE COURT: Mr. Wade, how much education have you had, sir?

"THE DEFENDANT: I dropped out of high school, but through extension I have an equivalent of two years of college complete.

"THE COURT: You've had an adequate opportunity to discuss this with your lawyer?

"THE DEFENDANT: Yes.

"THE COURT: Are you satisfied that this is in your best interest?

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand that by pleading not guilty you deny

all the charges, but by pleading guilty that you admit the charges?

"THE DEFENDANT: Yes.

"THE COURT: And it is your request that this plea be changed to a guilty plea?

"THE DEFENDANT: Yes.

"THE COURT: All right. Let the record show that Mr. Wade has been represented by counsel, has had an opportunity to analyze the effect of this, and the Court finds that he does understand the effect of it. The Court will allow the withdrawals of the not guilty plea and will accept the plea of guilty."

For the first time, in the most recent hearing in the District Court, which appointed able counsel to represent Wade, the point was made that at the time of receiving the plea of guilty, the trial court did not explain to Wade the maximum sentence which could be imposed upon him in the event of a plea of guilty. It is contended by the appellant that he could not understandingly and voluntarily enter such a plea, without having knowledge of the maximum penalty that he could suffer as a result of the entry of the plea. It is not disputed that at the time the plea was accepted by the court and the sentence was entered against Wade, he had been informed by no one as to the maximum which he could suffer.

If this were a federal trial, or if it were a state trial held subsequent to June 2, 1969 it would be clear, without discussion, that a plea accepted as was this one, could not stand. Federal pleas of guilty may not be accepted by the trial judge under Rule 11 of the Federal Rules of Criminal Procedure "without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge *and the consequences of the plea.*" (Emphasis added).

In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, the court stated: "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." 395 U.S. 238, 242, 89 S.Ct. 1709, 1711.

The Supreme Court has not stated at this writing whether retroactive effect is to be given to the principles announced in Boykin v. Alabama, *supra.* However, this court, as have other Courts of Appeals, has held, in construing the language of the concept of voluntariness that it comprehends an understanding of the "consequences of the plea." Trujillo v. United States, 5 Cir., 1967, 377 F.2d 266; Kotz v. United States, 8 Cir., 1965, 353 F.2d 312. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948) required, as a prerequisite for a valid waiver, an "apprehension of * * * the range of allowable punishments."

As this court has held, and, of course, as no one can now seriously doubt, "it is well settled that a conviction, whether in a state or federal court, which is based upon an involuntary or coerced plea of guilty, whether it be unfairly obtained or *given through ignorance,* fear or inadvertence, is invalid as inconsistent with due process of law." (Emphasis added). Busby v. Holman, 5 Cir., 1966, 356 F.2d 75, 78. In light of the decisions to the effect that the term "ignorance," when related to the entering of a plea of guilty, comprehends a lack of knowledge as to the consequences of the plea, it seems clear that the failure of the trial court to assure itself with respect to ascertaining whether the accused knew the outer limits of the penalty which he could suffer upon entering the plea, is inconsistent with due process of law, as understood long before the most recent pronouncements of the court in Boykin.[1]

1. This court, recently, in Schnautz v. Beto, (5 Cir., No. 26648) decided Sept. 11, 1969, noted that "Boykin requires reversal" because the state trial judge did not interrogate the defendant to make sure he had a "full understanding of what the

The trial court here concluded that, since the appellant, at the habeas corpus hearing, stated that he gave no consideration to the penalty provided in the statute before he entered his plea of guilty, the trial court's failure to advise him of the maximum term could not have entered into the question of voluntariness of the plea.

We think this reasoning is faulty, because the undisputed testimony in the record indicates two things: (1) that whatever the length of the sentence was, it would be less if a plea were entered and therefore the need for knowing how severe a sentence could be imposed was not obviated; and (2) the repeated statements by appellant that he was completely shocked and unaware of the severity of the sentence that could be imposed, thinking in terms of possibly as much as "two years" as the probable duration of imprisonment.

Probably the best indication of the complete veracity of appellant's testimony that he was not cautioned by his own counsel or received information from any other source as to the length of sentence was the fact that the trial court itself overreached the provisions of the law by sentencing Wade to a fifty percent longer term than the statute provided for. The trial court made an express finding that "Petitioner Wade was not advised by either the Court or his attorneys of the maximum sentence under F.S. 800.04 prior to or at the time of, changing his plea to guilty."

We conclude that there could not be a voluntary relinquishment of the constitutional right to a jury trial by the entry of a plea of guilty by reason of a waiver which was entered into by this state court defendant when he was in total ignorance as to the length of term to which he could be sentenced upon the entry of a plea of guilty.

The judgment of the trial court must be reversed for an entry of an order discharging the prisoner with, of course, the right of the state to afford a trial unless, upon full knowledge of the extent of the punishment, Wade elects again to enter a plea of guilty.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

---

plea connoted and of its consequences." However, since there were other factors involved in Schnautz and the retroactivity issue does not appear to have been argued before the court, we do not at this time expressly determine that Boykin is to be given retroactive effect.