PER CURIAM.
The judgments and sentences are affirmed. We do not pass upon the contention that because the court did not advise appellant of the maximum sentence he could receive, his plea of nolo contendere was not voluntarily made with the full understanding of its significance. See Wade v. Wainwright, 5th Cir. 1969, 420 F.2d 898. A factual basis for the appellant’s plea was established. The trial judge conducted a colloquy sufficient to demonstrate a waiver of appellant’s right to trial by jury and other attendant rights and to convince the court that the appellant’s plea was voluntarily and intelligently entered. Notwithstanding the failure of the record to indicate the appellant was apprised of the maximum sentence for the crime he pled to, the record otherwise establishes the appellant understood the consequence of his plea. Since this is a direct appeal rather than an appeal from the denial of a motion for post-conviction relief, and there is no showing that appellant did not know the maximum sentence and no prejudice has been demonstrated, we do not need to reach the point raised by appellant. See Williams v. State, Fla.1975, 316 So.2d 267.
BOARDMAN, Acting C. J., and GRIMES and SCHEB, JJ., concur.