BOARDMAN, Acting Chief Judge.
Appellant/defendant was charged with entering without breaking with intent to commit a felony and grand larceny. He entered a plea of nolo contendere to both charges. At that time the trial judge adjudicated appellant guilty of entering without breaking and sentenced him to five years imprisonment. The judge stated that he would not pass sentence on the larceny *561 charge. It appears from the final judgment however that appellant was adjudicated guilty on both charges and sentenced to the one five-year term for both crimes.
Appellant contends that his plea was not voluntarily made with full understanding of its significance. During the court’s colloquy with appellant to determine the voluntariness of the plea the judge misinformed him that the maximum sentence for entering without breaking was 15 years.[1] We affirm the judgment on this charge since appellant has failed to show that he did not know the correct maximum term or to demonstrate any prejudice resulting from the misstatement. Young v. State, 327 So.2d 127 (Fla.2d DCA 1976).
We accept appellee’s suggestion that the trial court clarify its judgment and sentence on the grand larceny charge. If the trial judge intended to adjudicate appellant guilty on both charges the sentence must be apportioned between the two. Darden v. State, 306 So.2d 581 (Fla. 2d DCA 1975).
Accordingly, we affirm in part and remand in part with directions.
GRIMES and SCHEB, JJ., concur.

. The maximum term is five years. §§ 775.082(4)(d) and 810.03, Fla.Stat. (1973).