**Curtis Lee BLACKMON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00956–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 30, 1992.

Ronald N. Hayes, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ernest Davila, Randy Ayers, Asst. Dist. Attys., for appellee.

Before DUGGAN, DUNN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

The trial court found the appellant, Curtis Lee Blackmon, guilty of possession of a controlled substance, namely cocaine. After finding two enhancement paragraphs true, the trial court assessed punishment at 30–years confinement. We affirm.

### 1. Fact summary

Houston Police Officer J.D. Williams testified he was working undercover and was

assigned to make an undercover drug buy at a house before a raid team executed a search warrant. After Officer Williams completed the buy inside and while he was walking outside to his car, the appellant approached and asked if Williams wanted to buy a "rock." Officer Williams understood the appellant to mean cocaine. Officer Williams declined the appellant's offer and attempted to leave. The appellant persisted and showed Officer Williams an opened matchbox that contained several loose rocks. Again Officer Williams declined and left the area.

Officer Williams then informed the raid team that he completed the buy and gave them a description of the appellant. After hearing Officer Williams' broadcast, Officers Daniel Garza and B.L. McFadden spotted the appellant standing nearby. The two officers ran towards the appellant, as another officer approached in his patrol car.

Officer Garza testified the appellant saw the approaching patrol car and then throw something into a grassy area next to a tree. While the appellant was detained, Officer Garza directed Officer McFadden to where he had seen the object thrown. Officer McFadden found a matchbox containing six small plastic bags of rock cocaine.

The appellant testified that it was a cigarette butt he discarded as the officers approached. Testifying for the appellant, two other witnesses stated they did not see the appellant discard or throw anything away. Although both witnesses stated they saw an officer looking around in the grassy area, neither saw an officer pick anything up.

## 2. Chain of custody

██ In points of error one and two, the appellant argues the evidence was insufficient to demonstrate that the substance shown to Officer Williams was the cocaine admitted into evidence.[1] Thus, the appel-

lant contends the State failed to prove a proper chain of custody as predicate for the admission of the cocaine. The appellant apparently contends there is a break in the chain of custody between the time Officer Williams saw the cocaine in the appellant's hand and the point where Officer Garza saw the appellant throw a matchbox.

The State contends Officer Williams' testimony was offered to showed why the appellant was approached. In addition, the State argues the appellant was charged with the possession of the cocaine contained in the matchbox Officer Garza saw the appellant throw to the ground, not necessarily the same shown to Officer Williams. We agree.

██ If a substance is properly identified, most questions concerning care and custody go to the weight to be given the evidence, not to its admissibility, unless there is a showing that the substance was tampered with or changed. *Gallegos v. State,* 776 S.W.2d 312, 315 (Tex.App.— Houston [1st Dist.] 1989, no pet.). When the State shows the beginning and the end of the chain of custody, any gaps in between go to weight rather than admissibility, particularly if the chain of custody is proved into the laboratory. *Id.* at 315–16.

Here, Officer McFadden testified that he kept custody of the recovered matchbox and its contents until it was submitted to the chemist for analysis. For this, the appellant offers nothing to show a break in the chain of custody, nor argues the evidence was tampered with. Thus, the State established the requisite chain of custody for the cocaine's admission.

We overrule points of error one and two.

## 3. Possession

In points of error three and four, the appellant argues the evidence was insufficient to demonstrate he was in possession

---

**1.** In point of error two, citing *Meraz v. State,* 785 S.W.2d 146, 153 (Tex.Crim.App.1990), the appellant challenges the factual sufficiency of the evidence. This Court has already held that

*Meraz only* applies to situations in which the burden of proof is on the defendant. *Jones v. State,* 817 S.W.2d 854, 855 (Tex.App.—Houston [1st Dist.] 1991, no pet.).

of the matchbox containing the cocaine.[2]

In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The entire body of evidence is reviewed to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime, and not just a plausible explanation of the crime. *Butler*, 769 S.W.2d at 239. The standard of review is the same for both direct and circumstantial evidence. *Sutherlin v. State*, 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984).

A conviction cannot be sustained if the evidence leaves any reasonable doubt as to the guilt of the accused. *Jackson*, 443 U.S. at 317–18, 99 S.Ct. at 2788. Thus, it follows that a conviction based upon circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984); *Brown v. State*, 792 S.W.2d 193, 194 (Tex. App.—Houston [1st Dist.] 1991, no pet.); *McCafferty v. State*, 748 S.W.2d 489, 491 (Tex.App.—Houston [1st Dist.] 1988, no pet.). Proof that amounts only to a strong suspicion or mere probability is not sufficient to support a conviction. *Moore v. State*, 640 S.W.2d 300, 302 (Tex.Crim.App. 1982).

In order to establish the unlawful possession of a controlled substance, the State is required to prove: (1) the accused exercised care, custody and control over the contraband, and (2) the accused knew the matter possessed was contraband. *Guiton v. State*, 742 S.W.2d 5, 8 (Tex.Crim. App.1987).

The appellant contends that because two witnesses to the arrest testified that he did not discard anything or that any officer retrieved anything from the ground, the State failed to meet the requisite burden of proof.

The trier of fact, however, considers credibility of the witnesses and may accept or reject any part or all of the testimony given by the State or the defense. *Minx v. State*, 615 S.W.2d 748, 749 (Tex.Crim.App.1981); *see also* TEX.CODE CRIM.P.ANN. art. 38.04 (Vernon 1979). On appeal, we will not review the credibility of the witnesses. *See, e.g., Esquivel v. State*, 506 S.W.2d 613, 615 (Tex.Crim.App.1974) (jury is exclusive judge of the credibility of the witnesses); *Lawrence v. State*, 700 S.W.2d 208, 211 (Tex.Crim.App.1985) (the appellate court will not substitute its judgment for that of the jury).

Here, Officer Garza saw the appellant throw an object into the grass. Officer Garza then directed Officer McFadden to the area. Officer McFadden found the matchbox, which was the only object located in the specified area.

Similar facts have been found sufficient to establish unlawful possession. *See, e.g., Noah v. State*, 495 S.W.2d 260, 263 (Tex. Crim.App.1973) (police officer saw defendant throw a package from a moving car); *Edwards v. State*, 807 S.W.2d 338, 339 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd) (defendant threw object into a car as he was being approached by the police).

We find sufficient evidence for a rational trier of fact to find every element of the crime beyond a reasonable doubt. *Butler*, 769 S.W.2d at 239.

We overrule points of error three and four.

### 4. Jury waiver

In point of error five, the appellant argues the trial court erred in accepting his jury waiver where the record fails to show that he understood the full range of pun-

---

**2.** Here again, the appellant raises both a legal and factual challenge to the sufficiency of the evidence.

ishment. Relying on *Samudio v. State*, 648 S.W.2d 312 (Tex.Crim.App.1983) and *Wade v. Wainwright*, 420 F.2d 898 (5th Cir.1969), the appellant contends he did not make an intelligent waiver because he did not know the full range of punishment.

Both *Samudio* and *Wade* are easily distinguished. In *Samudio*, the court reversed an assault conviction because there was no evidence showing the defendant, either orally or in writing, expressly waived his right to a jury trial. 648 S.W.2d at 313. Here, the record clearly reflects a written jury waiver.

In *Wade*, the court reversed a conviction based on a guilty plea because the defendant was not informed of the full range punishment. 420 F.2d at 901. Here, the appellant entered a plea of not guilty.

A trial judge is not required to admonish a defendant on a plea of not guilty. *Williams v. State*, 477 S.W.2d 607, 608 (Tex.Crim.App.1972). Only before accepting a plea of guilty, must the trial court admonish the defendant of the range of the punishment attached to the offense. TEX.CODE CRIM.P.ANN. art. 26.13 (Vernon 1989).

We overrule point of error five and affirm the judgment below.