Norman v. SOT






NUMBER 13-97-835-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


FREDERICK DEMOND NORMAN, Appellant,



v.




THE STATE OF TEXAS, Appellee.

____________________________________________________________________



On appeal from the 174th District Court of Harris County, Texas.

____________________________________________________________________



O P I N I O N


Before Chief Justice Seerden, Justices Yañez and Chavez

Opinion by Justice Yañez


 A jury convicted Frederick Demond Norman of possession of cocaine, weighing more than one gram and less than four
grams. Appellant pleaded "true" to two enhancement allegations and the jury assessed punishment at thirty-five years
confinement. Appellant challenges his conviction by two issues questioning the legal and factual sufficiency of the
evidence. We affirm.

 When we review a legal sufficiency challenge, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Patrick v. State, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995);
Turro v. State, 867 S.W.2d 43, 46-47 (Tex. Crim. App. 1993). The standard is the same for both direct and circumstantial
evidence cases. Sutherlin v. State, 682 S.W.2d 546, 548-49 (Tex. Crim. App. 1984); Vela v. State, 771 S.W.2d 659, 660
(Tex. App.--Corpus Christi 1989, pet. ref'd).

 In reviewing the factual sufficiency of the evidence, we must view all the evidence without the prism of "in the light most
favorable to the verdict" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). A court of appeals may not
reverse a jury's decision simply because it disagrees with the result; the appellate court must defer to jury findings, and may
find the evidence factually insufficient only where necessary to prevent manifest injustice. Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997). The court of appeals must consider the evidence as a whole, not viewing it in the light most
favorable to either party. Id.

 To justify a guilty verdict, the State had to prove Norman intentionally or knowingly possessed a controlled substance
(cocaine). (1) Norman possessed the contraband if he had "actual care, custody, control, or management" of the controlled
substance. See Tex. Pen. Code Ann. § 1.07(a)(39) (Vernon 1994). He intentionally possessed the contraband if it was his
conscious objective or desire to engage in the conduct, and he knowingly possessed the contraband if he was aware of the
nature of his conduct. See Tex. Pen. Code Ann. § 6.03(a)(b) (Vernon 1994). When an accused is not in exclusive control
of the place where the contraband is found, the State must show additional affirmative links between the accused and the
contraband. Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986).

 The evidence in this case establishes that Officer Michael Wills of the Houston Police Department testified that he and his
partner, Officer Christopher Thomas, were on patrol at approximately 7:25 a.m. on March 6, 1997, in the 2600 block of
McGowen Street, when they observed appellant walking toward them on the sidewalk. From approximately ten feet away,
Officer Wills observed appellant, who was holding his hand in a cupped manner, release a white object and let it fall to the
ground near a telephone pole. Officer Thomas detained appellant while Officer Wills went to retrieve the dropped object. 
Officer Wills found a clear plastic baggie in which were wrapped two small chunks of a white substance. Although there
was some trash on the ground, the grass was cut low, and Officer Wills testified that he was certain he recovered the same
object appellant had dropped. Officer Thomas testified to substantially the same facts. Appellant was walking toward them
when he threw a white object near a telephone pole with a "flipping" motion. Officer Thomas stated that from six to ten
seconds elapsed between the time that appellant dropped the substance and Officer Wills' retrieval of it. Officer Wills
handed Officer Thomas the recovered substance and he administered a field test. The substance tested positive for cocaine. 
Officer Thomas placed the substance in an evidence envelope, sealed the envelope, wrote appellant's name and other
identifying information on the envelope, and submitted it to the laboratory. Subsequent lab tests revealed the substance
was sixty-five percent pure cocaine and weighed 1.4 grams.

 In cases with similar facts, other courts have found the evidence legally sufficient to establish unlawful possession. Noah
v. State, 495 S.W.2d 260, 263 (Tex. Crim. App. 1973)(officer saw defendant throw a package from a moving
car);Blackmon v. State, 830 S.W.2d 711, 714 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd)(officer saw defendant throw
object into grass); Edwards v. State, 807 S.W.2d 338, 339 (Tex. App--Houston [14th Dist.] 1991, pet. ref'd)(defendant
threw object into a car as he was being approached by police).

 We hold this evidence legally sufficient to establish the elements of possession of a controlled substance beyond a
reasonable doubt. Norman's first issue is overruled. 

 As to the factual sufficiency challenge, appellant called several witnesses to testify on his behalf. Samuel Tapers testified
that between 7:00 and 7:30 a.m. he was standing waiting for a bus on the corner of Live Oak and McGowan streets. Tapers
observed appellant, whom he was acquainted with from the neighborhood, get out of his car and walk to a nearby store. 
Appellant emerged a short time later and was crossing the street when Tapers heard a noise, looked up, and observed a
police car turning the corner. The car cut appellant off and the driver ordered appellant to walk over to the car. Appellant
complied and walked to the patrol car. Tapers observed an officer get out, grab appellant, pat him down, and put him in the
back of the patrol car. The officer then began walking around, looking at the ground as if he were searching for something. 
He went to the sidewalk and was "browsing" with one foot and looking through debris and grass, bent over, and picked
something up. Tapers never saw appellant toss anything from his hand. Tapers further testified that the area around the
telephone pole was a "stashing" spot for local drug dealers, which was used to hide drugs when police came into the
neighborhood.

 Tabitha Vital testified that appellant is the father of her children. That morning she, her sister, appellant, and her two
children had gone in her car to the drug store to buy cough medicine for one of the children. Appellant had just come out
of the store and was crossing the street when a police car "whipped" around the corner quickly and stopped. The officers
jumped out and grabbed appellant, searched him, and placed him in the patrol car. She did not see Norman throw anything
from his hand. Vital was fearful that she might be arrested for outstanding traffic warrants so she drove off and witnessed
nothing further.

 Ettrell Vital, Tabitha's sister, testified that she saw appellant come out of the store and the police suddenly grabbed him
and placed him on the ground and that she never saw the officers pick up anything from the ground because she was not
paying much attention.

 This is a case of conflicting evidence in which the jury resolved the conflicts in favor of the State's witnesses. A factual
sufficiency review does not override the jury's prerogative to weigh the evidence, judge the credibility of the witnesses, and
consider conflicting testimony. We hold the evidence, when reviewed in its entirety, is factually sufficient to support
Norman's conviction. The second issue is overruled.

 The judgment of the trial court is AFFIRMED.



____________________________________

LINDA REYNA YAÑEZ

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this 

the 6th day of May, 1999.

1. Tex. Health & Safety Code Ann. § 481.115 (Vernon Supp. 1999).