Affirmed and Opinion filed May 16, 2002









Affirmed and Opinion filed May 16, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00543-CR

____________

 

KINTA SADAT DAVIS, Appellant

 

V.

 

THE STATE OF TEXAS ,
Appellee

 



 

On
Appeal from the 248th District Court

Harris County, Texas

Trial
Court Cause No. 860,548

 



 

O
P I N I O N

Over
a plea of not guilty, a jury convicted appellant of possession of less than one
gram of a controlled substance, i.e., cocaine. 
See Tex. Health &
Safety Code Ann. ' 481.115(b) (Vernon Supp. 2002).  The trial court assessed punishment at
eighteen months= confinement in the Texas Department of Criminal Justice, State
Jail Division and ordered appellant to participate in a drug treatment
program.  Appellant argues the evidence
is legally and factually insufficient to support his conviction.  We affirm. 









Factual Summary

During
an undercover investigation, police observed appellant sell approximately one
ounce of cocaine to an informant.  When
Harris County Deputy Constable Randy LaFaive attempted to arrest appellant, he
ran.  While in flight, appellant dropped
a substance that was later field-tested as cocaine.  

Officer
LaFaive testified he was running about ten to fifteen feet behind appellant
when he saw the package fall from appellant=s waistband area. 
Nonetheless, LaFaive continued to pursue appellant on foot.  After a brief chase, appellant stopped and
surrendered.  Just several minutes after
making the arrest, LaFaive returned to the area where appellant had dropped the
package and discovered the package was a bag of cocaine.  It appeared to have been run over by several
cars, but a small quantity of the cocaine was salvageable for evidence.  Appellant claims the evidence is legally and
factually insufficient to affirmatively link him to the cocaine.

Standard of Review

When reviewing the legal sufficiency of the evidence, this
court must view the evidence in the light most favorable to the prosecution and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, (1979); Garrett v. State, 851 S.W.2d 853, 857 (Tex. Crim. App. 1993).  We do not re-evaluate the weight and
credibility of the evidence, but we consider only whether the jury reached a
rational decision.  Muniz v. State,
851 S.W.2d 238, 246 (Tex. Crim. App. 1993).








When we determine whether the evidence is factually
sufficient, we employ one of the two factual sufficiency formulations
recognized in Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000).  In cases such as this, in which the appellant
attacks the factual sufficiency of an adverse finding on an issue on which he
did not bear the burden of proof, the appellant must demonstrate there is
insufficient evidence to support the adverse finding.  Id. at 11.  Under a factual sufficiency challenge, the
evidence is viewed without the prism of Ain the light most favorable to the
prosecution@ but rather Ain a neutral light, favoring neither
party.@ 
Id. at 6.  A reversal is
necessary only if the evidence standing alone is so weak as to be clearly wrong
and manifestly unjust.  Id. at
8.  The Johnson court re-affirmed
the requirement that in conducting a factual sufficiency review the appellate
court must employ appropriate deference to avoid substituting its judgment for
that of the fact finder.  Id. at
7.

Affirmative Links
Doctrine

To establish unlawful possession of a controlled substance,
the State must prove (1) the defendant exercised actual care, custody, control,
or management over the contraband and (2) the accused knew the object he
possessed was contraband.  Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  Here, appellant contends the State did not
affirmatively link him to the contraband because there was a significant break
between the time he dropped the bag and the time the officer retrieved it.

To show possession, the State is required to prove the
accused=s dominion and control over the
contraband.  Martin v. State, 753
S.W.2d 384, 387 (Tex. Crim. App. 1988). When contraband is not found on the
accused=s person, or is not in the exclusive
possession of the accused, additional facts must affirmatively link the accused
to the contraband so that one may reasonably infer that the accused exercised
control over it.  Smith v. State,
56 S.W.3d 739, 747 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
Affirmative links may be established by facts and circumstances that
indicate the accused=s control over the contraband.  Grant v. State, 989 S.W.2d 428, 433
(Tex. App.CHouston [14th Dist.] 1999, no
pet.).  While the State must link the
defendant to the contraband, the link does not have to be so strong so as to
negate every other reasonable hypothesis other than the accused=s guilt.  Brown v. State, 911 S.W.2d at 745‑49.








Although flight is one of several factors supportive of a
finding of affirmative links, Chavez v. State, 769 S.W.2d 284, 288‑89
(Tex. App.CHouston [1st Dist.] 1989, pet. ref=d), there is no rigid set of factors
that requires such a finding.  Hyett v.
State, 58 S.W.3d 826, 830 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
Instead, affirmative links are established by a totality of the
circumstances.  Id. at 830-31. 

When contraband has been discarded and there is a lapse of
time between when an officer sees contraband dropped and the time it is
retrieved, the State must also show a sufficient nexus between the defendant
and the contraband.  Raleigh v. State,
740 S.W.2d 25, 27-28 (Tex. App.CHouston [14th Dist.] 1987, no pet.) (finding evidence sufficient to support conviction when accused
discarded contraband while in flight from police). 

Sufficiency of the Evidence

After observing appellant=s attempt to sell cocaine to an
informant, the police attempted to arrest him, but he fled.  While in pursuit, Officer LaFaive observed
appellant drop a plastic bag in a busy intersection and continue to flee.  Officer LaFaive retrieved a bag of cocaine
from the area where he saw appellant drop a plastic bag.  Although there was a lapse in time between
the recovery of the cocaine and the moment Officer LaFaive observed its
disposal, we find the evidence sufficient to link appellant to the recovered
cocaine.  See Blackmon v. State,
830 S.W.2d 711, 714 (Tex.
App.CHouston [1st Dist.] 1992, pet. ref=d) (finding sufficient evidence when police observed appellant
discard contraband while in flight and later returned to same location to
recover it).  Viewing
the evidence in a light most favorable to the verdict, we conclude the evidence
was legally sufficient to support appellant=s conviction beyond a reasonable doubt.  See id. at 714.  








Viewing
the evidence in a neutral light, we conclude the evidence is factually
sufficient to support the verdict.  See
Johnson v. State, 23 S.W.3d at 11.  Appellant presented no evidence to
contradict the State=s case.  Thus, the
State=s evidence adduced at trial is not so
weak as to be clearly wrong or manifestly unjust, nor is the verdict against
the great weight and preponderance of the available evidence.  See id.  Appellant=s point of error is overruled. 

The judgment of the trial court is affirmed.  

 

/s/        Wanda McKee Fowler

Justice

 

 

 

Judgment rendered
and Opinion filed May 16, 2002.

Panel consists of
Justices Hudson, Fowler, and Edelman.

Do Not Publish C Tex.
R. App. P. 47.3(b).