NO. 07-02-0242-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 21, 2003

_____


MICHAEL JAMES WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 4630; HONORABLE KELLY G. MOORE, JUDGE

_____

Before JOHNSON, C.J., REAVIS, and CAMPBELL, JJ.

**MEMORANDUM OPINION**[1]

A jury convicted appellant Michael James Williams of possession of a controlled

substance, cocaine, of one gram or more but less than four grams.  The trial court, finding

---

[1]Tex. R. App. P. 47.2(a).

the two enhancement paragraphs included in the indictment true for purposes of the habitual offender statute, assessed punishment at 25 years confinement. *See* Tex. Pen. Code Ann. § 12.42(d) (Vernon 2003). By this appeal, appellant challenges the factual sufficiency of the evidence to support the jury's finding. Appellant also claims the trial court erred in overruling his motion for new trial based upon newly discovered evidence and in assessing an illegal sentence under the habitual offender statute. Based upon the rationale expressed herein, we affirm in part, and reverse and remand in part.

On August 15, 2000, Officer Jason Johnson, who was working narcotic interdiction patrol for the Brownfield Police Department, noticed appellant enter Donald Ray Williams's vehicle.[2] After noticing Williams was not wearing a seat belt, Johnson initiated a traffic stop, the totality of which was recorded on the video camera mounted in Johnson's patrol car. Johnson explained to Williams the reason for the stop and requested he step out, and to the back, of the car. The officer also visited briefly with appellant, who was sitting in the front passenger seat of Williams's vehicle. Johnson then returned to his patrol car to complete a license check and to check for outstanding warrants for the men. After learning both men were clear, and that Williams possessed a valid driver's license, Johnson asked Williams for, and Williams provided, consent to search his vehicle. Johnson then walked to the back of his patrol car to retrieve the consent forms. As he began to open the trunk, he noticed appellant open the front passenger door of the car, step out and throw an object

---

[2]Donald Ray Williams is not related to appellant.

under the car door toward the barrow ditch. According to Johnson, appellant was looking directly at him as he tossed the object out of the car. Johnson immediately recovered the object, a baggie containing a substance he believed, based upon its color and appearance, to be methamphetamine. The officer then placed appellant under arrest and released Williams with a verbal warning.

Back at the station, Johnson "field tested" the substance he recovered from the crime scene and obtained a positive result for methamphetamine. Johnson also field tested the substance for the presence of cocaine and obtained negative results. After performing the field tests, Johnson placed the controlled substance in a sealed envelope and put the envelope in the evidence locker at the police department. Ruben Lemon, another Brownfield police officer, retrieved the substance from the locker and transported it to the Department of Public Safety's Crime Lab, where the DPS lab technician analyzed it and determined the substance weighed 1.37 grams and contained cocaine. Johnson, Lemon, and the DPS lab technician also confirmed the cocaine admitted into evidence as State's Exhibit 1 had not been tampered with in any way since their last contact with it.

On cross-examination, Johnson explained the field test was utilized "to verify there was a controlled substance, and not necessarily which type, but that it [was a controlled substance]." Further, he testified the field tests were not scientifically proven, nor were they 100 percent accurate. Indeed, Johnson conceded the incident involving appellant was not the first in which the field test indicated a substance was methamphetamine, when forensic

3

analysis proved it to be cocaine instead. Lemon explained on direct examination that unknown substances are sent to the lab because field tests are sometimes wrong. Likewise, the DPS lab technician testified field tests sometimes provide false positive results on unknown substances. He attributed the inaccurate results to "the experience of the officer" conducting the test, an invalid test kit being used, or the existence of contaminants in the substance being tested.

By his first issue, appellant maintains the evidence is factually insufficient to establish the cocaine introduced into evidence at trial was the same substance Johnson recovered and initially identified as methamphetamine.[3] According to appellant, for the substance the crime lab tested as positive for cocaine to be the same as the substance that Johnson recovered on the roadside and tested at the police department, Johnson's field tests would have had to result in not only a false positive for methamphetamine, but also a false negative for cocaine. Because that inference is not supported by any credible evidence, it follows the jury's finding, implicit in the guilty verdict, that the substances were one and the same is clearly wrong and manifestly unjust. We disagree.

---

[3]Although appellant couches the issue in terms of "a glaring breach in the chain of custody," he concedes the State "ostensibly" established the beginning and end of the chain. Where the State makes such a showing, any gaps in between affect the weight and not the admissibility of the evidence. Blackmon v. State, 830 S.W.2d 711, 713 (Tex.App.–Houston [1st Dist.] 1992, pet. ref'd). In the context of his factual sufficiency challenge, appellant does not contest the admissibility of the controlled substance so much as the weight the jury was entitled to give the witnesses' testimony regarding the inaccuracies of field tests.

4

At the outset, we note Johnson originally arrested appellant for possession of a controlled substance, methamphetamine. However, after the crime lab's analysis indicated the substance at issue was, instead, cocaine, a Terry County Grand Jury returned a true bill of indictment against appellant for possession of a controlled substance, cocaine. We, therefore, measure the sufficiency of the evidence against the elements of the offense of possession of a controlled substance, cocaine, as defined by a hypothetically correct jury charge. *See* Malik v. State, 953 S.W.2d 234, 240 (Tex.Cr.App. 1997).

Next, in reviewing a challenge to the factual sufficiency of the evidence, we begin with the assumption the evidence is legally sufficient. Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997). We must then view all the evidence without the prism of "in the light most favorable to the prosecution." In doing so, we ask whether a neutral review of all the evidence, both for and against the finding, demonstrates the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000). We must also remain cognizant of the factfinder's role and unique position–one the reviewing court is unable to occupy. *Id*. at 9. Indeed, it is the jury that accepts or rejects reasonably equal, competing theories of a case. Goodman v. State, 66 S.W.3d 283, 285 (Tex.Cr.App. 2001). Finally, a decision is not manifestly unjust as to the accused merely because the factfinder resolved conflicting views of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex.Cr.App. 1997).

5

The jury determines the credibility of the witnesses and may believe all, some, or none of the testimony. Chambers v. State, 805 S.W.2d 459, 461 (Tex.Cr.App. 1991). It follows the jury was entitled to discount the results of the field tests and to find as credible the DPS lab technician's testimony that his forensic analysis of the substance determined it contained cocaine, not methamphetamine. Our review of the record, including an examination of the videotaped recording of the stop, does not uncover any great weight of evidence contradicting the finding made by the jury in this case, nor does the jury's verdict otherwise shock the conscience of this Court. See Thompson v. State, 54 S.W.3d 88, 97 (Tex.App.–Tyler 2001, no pet.). Therefore, we conclude the evidence is factually sufficient to support the jury's finding that appellant possessed cocaine as alleged in the indictment. Appellant's first issue is overruled.

In his second issue, appellant contends the trial court abused its discretion in denying his motion for new trial based upon newly discovered evidence of innocence. We disagree. We review the denial of a motion for new trial based upon newly discovered evidence under an abuse of discretion standard of review. Lewis v. State, 911 S.W.2d 1, 7 (Tex.Cr.App. 1995). Motions for new trial based upon newly discovered evidence traditionally lack favor with the courts and are viewed with great caution. Drew v. State, 743 S.W.2d 207, 225-26 (Tex.Cr.App. 1987). A criminal defendant is entitled to a new trial if the record reflects: (1) the newly-discovered evidence was unknown to him at the time of trial; (2) his failure to discover the evidence was not due to his want of diligence; (3) the

6

evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the evidence is probably true and would probably bring about a different result. Boyett v. State, 692 S.W.2d 512, 516 (Tex.Cr.App. 1985).

In support of his motion for new trial, appellant presented the affidavit of Kavin Nolan. According to the affidavit, after the trial, Kavin was approached by Williams, who told him it was he, not appellant, who possessed the controlled substance. At the hearing on the motion for new trial, however, Kavin testified Williams told him neither he nor appellant possessed any drugs on the night of the offense. Appellant testified at the hearing that Willie Nolan and Kavin related to him conversations with Williams in which Williams inculpated himself and exculpated appellant. Like Kavin, however, Willie, at the hearing on the motion for new trial, denied making statements to appellant regarding Williams's admission. Finally, appellate counsel for appellant testified about a conversation he had with Willie, in which Willie described a conversation he had with Williams at the Terry County Jail. According to appellate counsel, Williams admitted to Willie that it was he who tossed the drugs on the ground after being stopped by police, and that he felt remorse over appellant being charged with the offense. In response, the State called Williams who denied possessing any drugs on the night of the offense and making incriminating statements to Willie and Kavin. Finding that the evidence did not "[rise] to the level contemplated by the courts in newly discovered evidence" cases, the trial court denied the motion for new trial.

7

Assuming *arguendo* appellant sufficiently proved the first three elements of the four-part test for establishing his entitlement to a new trial, we are not persuaded he demonstrated the last. The "probably true" requirement means the trial court must determine the whole record presents no good cause to doubt the credibility of the witness whose testimony constitutes new evidence, either by reason of the facts proven at the trial or by the controverting affidavits on the motion, or otherwise. Jones v. State, 711 S.W.2d 35, 37 n.4 (Tex.Cr.App. 1986).

Both of appellant's witnesses at the hearing on the motion for new trial denied the statements appellant attributed to them regarding Williams's inculpating assertions. Therefore, the only remaining evidence presented to establish someone else was responsible for the controlled substance he was convicted of possessing was the hearsay testimony of appellant and his attorney.[4] Moreover, at the hearing Kavin disclosed he had convictions for delivery of marihuana, robbery, and forgery. Likewise, the record reveals Willie had at least two final felony convictions. Based upon the authority of the trial court to judge the credibility of the witnesses and the weight to be given their testimony, we conclude it may have properly found the "new evidence" appellant presented as a basis for

---

[4]We do not, by this decision, impugn appellant's attorney's credibility. Indeed, he was placed in the precarious position of impeaching his own witnesses at the hearing on the motion for new trial. We simply conclude the court did not abuse its discretion in finding nothing believable about those witnesses' testimony.

the motion for new trial was probably not true. The trial court did not abuse its discretion by denying appellant's motion for new trial. Appellant's second issue is overruled.

By his final issue, appellant maintains the trial court assessed an illegal and void sentence. The State, with commendable candor, concedes the trial court ran afoul of the requirements of the habitual offender statute. *See generally* Tex. Pen. Code Ann. § 12.42 (Vernon 2003). That statute provides:

> If it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 25 years.

§12.42(d). A previous conviction for a state jail felony may not be used for enhancement purposes under the habitual offender statute. § 12.42(e). In this case, the record reveals one of the convictions upon which the State relied for enhancement purposes was a state jail felony. Because the possession of a controlled substance conviction appellant received was a third degree felony, the maximum range of punishment to which appellant could have been subjected was the second degree felony range of punishment. § 12.42(a)(3). Because the trial court's 25 year sentence exceeds that range, it is illegal and, therefore, void. *See Ex parte Pena,* 71 S.W.3d 336, 340 n.2 (Tex.Cr.App. 2002). Appellant's third issue is sustained.

9

Accordingly, the judgment of conviction is affirmed; that portion of the judgment of the trial court regarding punishment is reversed and the cause is remanded for a new trial on punishment. Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2003); *see* State v. Hight, 907 S.W.2d 845, 846 (Tex.Cr.App. 1995).


                                              Don H. Reavis
                                              Justice


Do not publish.