Affirmed and Memorandum Opinion filed February 7, 2006









Affirmed
and Memorandum Opinion filed February 7, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00191-CR

____________

 

SHEON
DONOVAN WASHINGTON, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________

 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 981,614

________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Challenging his conviction of
possession of a controlled substance weighing more than one gram and less than
four grams, appellant Sheon Donovan Washington asserts in two issues that the
evidence is legally and factually insufficient to support his conviction.  We affirm.








I.  Factual
and Procedural Background

On March 22, 2004, at
approximately 11:00 a.m., Officer Craig Green noticed a gold Chevrolet Cavalier
that fit the description of the vehicle that was involved in a hit-and-run
accident earlier that morning.  The Cavalier
also had an expired registration sticker.  
Officer Green activated his vehicle=s
emergency lights and signaled for the car to pull over.  The driver, later identified as appellant,
continued to drive on for several blocks before finally pulling into a parking
space at the Primary Heath Group Medical Center.  Officer Green pulled his vehicle behind the
Cavalier, but before he could exit and approach appellant, the car parked next
to appellant attempted to leave and caused Officer Green to re-enter his car so
that he could move it to the side.  When
Officer Green was moving his car, appellant got out of his vehicle.  

Meanwhile, Crystal Sherman had
been watching the activity from her window inside the medical building.  Caught up in the drama, she watched as
appellant threw a plastic Abaggie@ from his
car window before exiting his vehicle. 
The plastic bag landed in the grassy area in front of his vehicle.  When Ms. Sherman told a co-worker what she
had seen, that co-worker reported the information to the police.  Officer John Almedarez then arrived on the
scene while Officer Green questioned appellant. 
Officer Almedarez walked around appellant=s car and
found two rolled up plastic bags near the front of the Cavalier.  One of the bags held a cigar rolled with
marijuana; the other held two rocks of cocaine. 


Appellant was then taken into
custody and charged with possession of a controlled substanceCcocaineCweighing
more than one gram and less than four grams. 
Appellant pleaded Anot
guilty.@  A jury found him guilty as charged.  Appellant and the State agreed to a sentence
of confinement of twenty-seven years, which the trial court approved.








II.  Legal and Factual Sufficiency

In two issues, appellant asserts
that the evidence is legally and factually insufficient to support his
conviction.  More specifically, appellant
alleges that there is no evidence to prove that he exercised care, custody, or
control over the narcotics that were found near his vehicle.

In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The issue on appeal is not whether we, as a court, believe the State=s
evidence or believe that appellant=s
evidence outweighs the State=s
evidence.  Wicker v. State, 667
S.W.2d 137, 143 (Tex. Crim. App. 1984). 
The verdict may not be overturned unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex.
Crim. App. 1991).  The jury, as the trier
of fact, Ais the sole judge of the
credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses=
testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986). 
When faced with conflicting evidence, we presume the trier of fact
resolved conflicts in favor of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex.
Crim. App. 1993).  Therefore, if any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex.
Crim. App. 1997).








In contrast, when evaluating a
challenge to the factual sufficiency of the evidence, we view all the evidence
in a neutral light and inquire whether the jury was rationally justified in
finding guilt beyond a reasonable doubt. 
Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  A reviewing court may find the evidence
factually insufficient in two ways.  Id.
First, when considered by itself, the evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict and the
evidence contrary to the verdict, the contrary evidence may be strong enough
that the beyond-a- reasonable-doubt standard could not have been met.  Id. at 484B85.  In conducting the factual-sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id.
at 481B82.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the
weight and credibility given to any witness=s
testimony.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
In conducting a factual-sufficiency review, we must discuss the evidence
appellant claims is most important in allegedly undermining the jury=s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).

To establish unlawful possession
of a controlled substance, the State must prove two elements: (1) that the
accused exercised care, custody, control or management over the contraband, and
(2) that the accused knew the matter possessed was contraband.  Sinor v. State, 612 S.W.2d 591 (Tex. Crim.
App. 1981); Dubry v. State, 582 S.W.2d 841 (Tex. Crim. App.
1979).  Appellant contends that a
rational jury could not have found beyond a reasonable doubt that he exercised
care, custody, control, or management over the cocaine found in the grassy area
in front of his car because the State=s
circumstantial evidence failed to Aaffirmatively
link@ him to
the contraband.  Appellant=s
sufficiency complaint pertains only to the element concerning possession of the
controlled substance, and we limit our appellate review to that element.








When a defendant is not in
exclusive possession of the place where the contraband is found, the State must
prove additional independent facts and circumstances that affirmatively link
the defendant to the contraband in such a way that it can be concluded that the
defendant had knowledge of the contraband and exercised control over it.  Roberson v. State, 80 S.W.3d 730,
735 (Tex. App.CHouston [1st Dist.] 2002, pet.
ref=d).  An affirmative link generates a reasonable
inference that the defendant knew of the contraband=s
existence and exercised control over it.  Johnson v. State, 658 S.W.2d 623, 627
(Tex. Crim. App. 1983); Roberson, 80 S.W.3d at 735.  Courts have identified a non‑exhaustive
list of factors that may help to show an affirmative link to controlled
substances.  Roberson, 80 S.W.3d
at 735.  Each case is examined on its own
facts, and a factor that contributes to the sufficiency of the evidence in one
case may be of little or no value in a different case.  Id. at 736.  It is not the number of affirmative links
present that is important, but rather the Alogical
force@ that
they create to prove that the defendant committed the crime.  Id. at 735.  Therefore, we examine any factors that
possibly link appellant to the cocaine.  See
id.  

Several of the circumstances that
have been held to indicate an affirmative link include: (1) presence when the
search was executed; (2) contraband in plain view; (3) proximity to and
accessibility of the contraband; (4) the accused is under the influence of
contraband when arrested; (5) the accused is in possession of other contraband
when arrested; (6) the accused makes incriminating statements when arrested;
(7) attempted flight by the accused; (8) furtive gestures; (9) odor of the
contraband; (10) presence of other contraband; (11) the accused has a right to
possession of the place where contraband was found; and (12) contraband found
in an enclosed place.  State v. Derrow,
981 S.W.2d 776, 779 (Tex. App.CHouston
[1st Dist.] 1998, pet. ref=d).  This evidence may be direct or
circumstantial.  See Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
The link between the defendant and the contraband need not be so strong
that it excludes every other outstanding reasonable hypothesis except the
defendant=s guilt.  Id. at 748.








The State contends that the
cocaine found near appellant=s car,
combined with appellant’s furtive gestures and the eyewitness testimony,
affirmatively link appellant to the plastic bags containing contraband found in
the grassy area in the front of his vehicle. 
One of the most significant links is the accessibility and proximity of
the contraband to appellant.  See
Earvin v. State, 632 S.W.2d 920, 924 (Tex. App.CDallas
1982, pet. ref=d).  There is no dispute that the narcotics were
found in a close proximity to appellant. 
Appellant contends that because there were two plastic bags, one
containing marijuana and the other containing cocaine, there is nothing to
establish which substance was linked to appellant.  We disagree with this argument.  Despite appellant=s
contentions, Ms. Sherman was confident in her testimony that she observed
appellant discarding an object that looked like a plastic bag from his car
window and two bags were found in front of appellant=s car by
an officer.  Even though, on
cross-examination, Ms. Sherman stated that she could not specifically see what
was in the bag and that she saw what appeared to be only one bag, the jury, as
the factfinder, could have determined that she was mistaken or that both bags
were stuck together when they concluded that appellant, in fact, had thrown the
cocaine out of the car window.  The jury,
being the sole judge of the facts and credibility of the witnesses, could
choose to believe or not believe Ms. Sherman, or any portion of her
testimony.  Esquivel v. State, 506
S.W.2d 613, 615 (Tex. Crim. App. 1974). 
Further, a witness may be believed even though some of her testimony may
be contradicted and part of her testimony accepted and the rest rejected.  See Jackson v. State, 505 S.W.2d 916,
918 (Tex. Crim. App. 1974).  We may not
substitute our judgment for that of the jury. 
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000).  








Ms. Sherman=s
testimony is a direct eyewitness account of the appellant=s link to
the contraband, and it was well within the province of the fact finder to
believe her testimony.  See Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (stating that jury is sole
judge of the weight and credibility of testimony); see also Terrell
v. State, 949 S.W.2d 49, 50 (Tex. App.CTexarkana
1997, no pet.) (finding affirmative link when security guard witnessed the
defendant dispose of cocaine); Blackmon v. State, 830 S.W.2d 711,
714 (Tex. App.CHouston [1st Dist.] 1992, pet.
ref=d)
(finding affirmative link when officer saw defendant throw a matchbox
containing cocaine into the grass); Edwards v. State, 807 S.W.2d 338,
339 (Tex. App.CHouston [14th Dist.] 1991, pet.
ref=d)
(stating that eyewitness testimony of officer viewing appellant discard the
drugs was sufficient to support the conviction of possession of a controlled
substance); Dempsey v. State, 667 S.W.2d 801, 803 (Tex. App.CBeaumont
1983, pet. ref=d) (stating that the state may
establish the affirmative link by eyewitness testimony tying the accused to the
location where the contraband was found when the contraband was present).

The testimony at trial showed
that appellant possessed more than one gram and less than four grams of
cocaine.  We conclude that the Alogical
force@ from the
totality of the links is sufficient for a rational jury to have affirmatively
linked appellant to the contraband and found that appellant exercised care,
custody, control, or management over the contraband.  See Blackmon, 830 S.W.2d at
714.  Moreover, a rational jury could
have found the element of possession beyond a reasonable doubt.  See id.  Under the applicable standards of review, we
conclude that the evidence is both legally and factually sufficient to support
appellant=s conviction.  We overrule appellant=s two
issues. 

Having overruled appellant=s issues,
we affirm the trial court=s
judgment. 

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed February 7, 2006.

Panel consists of Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).