**Michael David MULLAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 6–83–048–CR.**

Court of Appeals of Texas, Texarkana.

Feb. 28, 1984.

William P. Allison, Lynch, Zimmerman, White & Allison, Austin, for appellant.

Margaret Moore, County Atty., Austin, for appellee.

CORNELIUS, Chief Justice.

Michael D. Mullan appeals his conviction of driving while intoxicated. He urges that the trial court erred in overruling his objections to the admission of evidence concerning a breathalyzer test and to the charge given the jury. We disagree and affirm the trial court's judgment.

Mullan argues that his objection to the admission of the breathalyzer result should have been sustained because there was not

an adequate predicate for its admission. The police administered the test approximately forty-five minutes after they stopped Mullan. He argues that because of the delay in giving the test, the result should not have been admitted in evidence without expert testimony interpreting the results as to relevant times, since he contended that his blood alcohol content was greater at the time of the test than at the time of the arrest because he had ingested the alcohol immediately before he was arrested, and had not absorbed enough at that time to be intoxicated.

■ The State established the necessary predicate for the admission of the breathalyzer test. Properly compounded chemicals were used; the instrument was properly maintained under the periodic supervision of Martin Simmon; it was operated by Deputy John Barton who was certified by the Department of Public Safety; and the qualifications of Simmon to translate and interpret the results were established. *Cody v. State*, 548 S.W.2d 401 (Tex.Cr.App.1977); *French v. State*, 484 S.W.2d 716 (Tex.Cr.App.1972).

■ The test was administered to Mullan within forty-five minutes of the alleged offense. The test result showed 0.13 per cent of alcohol by weight. There was expert testimony that alcohol absorption is complete within one-half hour to one hour; an average beer will raise the body's blood alcohol concentration by 0.02 per cent; and the body metabolizes alcohol at a rate of 0.02 per cent per hour. This evidence showing the absorption and metabolization rates, together with the evidence of Mullan's activities prior to his arrest, was sufficient to enable the jury to judge the validity of Mullan's claim that sufficient time had not elapsed when he was arrested for him to have been intoxicated at that time. Further expert testimony was not required. Additionally, Deputy Barton testified that Mullan was intoxicated. See *Annis v. State*, 578 S.W.2d 406 (Tex.Cr.App.1979).

■ Mullan also contends the trial court erred in overruling his objection to the court's charge. The court instructed the jury as follows:

> You are further instructed that if it is shown by chemical analysis of a person's blood, breath, urine or other bodily substance, that there was at the time of the act alleged 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor; however, such amount of alcohol in the blood of the person, merely raises a legal presumption that such person was under the influence of intoxicating liquor, which presumption may be overcome by competent evidence showing that such person was not under the influence of intoxicating liquor.

Mullan objected that the proper factual predicate was not laid for a charge on the statutory presumption provided by Tex. Rev.Civ.Stat.Ann. art. 6701 *l*–5 § 3(a) (Vernon 1977). He contends it must be shown that the test was given at the time of the alleged offense. As we indicated earlier, it is not necessary that the test be administered precisely at the moment the alleged offense occurred for the presumption to apply, provided it is given close enough in time that, together with scientific evidence of absorption and metabolization rates, a reasonable finding that the blood content was over 0.10 at the time of the offense can be made.

■ Finally, Mullan objected that the charge on the presumption violated his due process rights under the United States Constitution. The trial court's charge on the presumption of intoxication permitted but did not compel the jury to infer that a person is intoxicated if it is proved there was 0.10 per cent alcohol in his blood. The State is not relieved of the burden of proving each element of the offense beyond a reasonable doubt, and the jury is left free to make its own determination based upon the evidence. The charge does not violate due process. *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d

777 (1979); *Easdon v. State*, 552 S.W.2d 153 (Tex.Cr.App.1977).

The judgment is affirmed.