**Brigid Ann McCAFFERTY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00527–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 10, 1988.

Rehearing Denied April 8, 1988.

Trent Gaither, Haynes & Fullenweider, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

OPINION

DUNN, Justice.

A jury found appellant guilty of driving while intoxicated ("DWI") and assessed punishment at one year, probated for two years, and a fine of $600.

Appellant was arrested for DWI on January 16, 1987, after she had gotten her car stuck in a ditch caused by some road construction, as she was trying to go around some barrels blocking the normal exit from a fast food restaurant onto Westheimer. The wrecker driver, who was sent to assist her, was stopped on his way by a police officer for a traffic violation. Upon hearing of the accident, Officer Poff, who was assigned to the DWI Task Force of the Accident Division, decided to accompany the wrecker driver to investigate. Poff testified that when he arrived at the scene at approximately 3:50 a.m., he detected a strong odor of alcoholic beverage on appel-

lant's breath, and saw that her eyes were bloodshot. He established that appellant had driven the car, both from her own admission and from statements of David Stauber, who had witnessed appellant drive into the parking lot from Westheimer at approximately 2:30 a.m. and her subsequent accident. After giving appellant a field sobriety test, which she failed, Poff placed her under arrest and took her to the police station. A videotape was made, and a breath test was administered to appellant by Officer Webster at approximately 4:45 a.m. The results of the breath test showed an alcohol level of .18. The legislature has established .10 as per se intoxicated. Tex. Rev.Civ.Stat.Ann. art. 6701*l*-1(a)(2)(B).

In point of error one, appellant challenges the sufficiency of the evidence to support her conviction for driving while intoxicated. To sustain a conviction for driving while intoxicated, the evidence must show that the appellant (1) drove the vehicle, (2) while intoxicated, (3) on a public road or highway. *Nelson v. State*, 628 S.W.2d 451, 453 (Tex.Crim.App.1982).

Appellant argues that the State failed to prove the second element, that appellant drove while intoxicated. The pertinent evidence includes (1) the testimony of Officer Poff previously discussed; (2) the testimony of the State's expert witness who introduced the results of the breath test, which indicated that the equivalent of nine one ounce glasses 50% alcohol had been consumed, and that appellant was intoxicated at the time of the test; (3) the testimony of David Stauber; and (4) the testimony of a friend of appellant, Denise Purcell.

David Stauber, called by the State, testified (1) that at approximately 2:30 a.m., he saw appellant drive into the fast food restaurant parking lot from Westheimer, drive through the drive-thru, and the subsequent accident; (2) that he remained with appellant for over an hour until the wrecker and police arrived; and (3) that he saw no indication that appellant was intoxicated.

Denise Purcell, called as a defense witness, testified (1) that she had been with appellant the evening of the arrest from 10:30 p.m. to 1:30 a.m., and observed appel-lant drink only three glasses of wine; (2) that she left appellant at 1:30 a.m. at a bar that stayed open until 2:00 a.m.; (3) that appellant was not intoxicated at the time she left her at the bar; and (4) that at 2:15 a.m., she heard appellant being dropped off at her house to get appellant's car.

Appellant argues that the instant case should be controlled by *Coleman v. State*, 704 S.W.2d 511, 512 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd), in which this Court reversed a conviction for DWI based on insufficient evidence, where there was "no evidence, other than the accused's own extrajudicial admission to show that he was driving the vehicle, and no evidence whatsoever to show that the accused was intoxicated at the time he was driving."

The State argues that this case more closely resembles and should be controlled by *Weaver v. State*, 721 S.W.2d 495 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd), where this Court affirmed a DWI conviction after finding sufficient evidence to corroborate the accused's extrajudicial admission that she was driving. The evidence in *Weaver* consisted of testimony by a friend of the accused establishing that the accused had been drinking intermittently for several hours before the accident and that the accused left driving his car, four miles from the accident and approximately 15 minutes before the officer's arrival at the scene.

After reviewing several prior decisions on this issue, including *Coleman*, this Court, in *Weaver*, established the following guidelines to use in assessing the sufficiency of the evidence in a DWI conviction:

Thus, in order to fix the time of an accused's unlawful driving to support a conviction for driving a motor vehicle while intoxicated, there must be some independent evidence of: (1) how recently the vehicle had been driven, *Rawls v. State*, 167 Tex.Crim.R. 106, 318 S.W.2d 662 (1958); or (2) how much time had elapsed between the accident and the arrival of the police officer, *Sinast v. State*, 688 S.W.2d at 632, so as to furnish the jury with an informed basis for determining the relationship, if any, between

the accused's driving and his intoxication, if proven. *Indications that the accused was intoxicated at the time the police arrived do not in themselves prove such intoxication at the prohibited time,* i.e., *when the accused was driving. In short, absent any evidence in the record fixing the time of the accident or the driving upon a public place, the evidence is insufficient to show that the defendant drove at the time he was intoxicated.* 688 S.W.2d 632.

721 S.W.2d at 498–99. (Emphasis supplied).

In *Weaver,* this Court held that once sufficient evidence was found to fix the time of the accident and establish that the accused had been driving upon a public place, the evidence was sufficient to show that the accused drove at the time he was intoxicated, even though a friend testified that the accused was not intoxicated when he left. 721 S.W.2d 495.

As in *Weaver,* and unlike *Coleman,* the record in this case reflects testimony sufficient to establish the approximate time of the accident and that appellant had been driving on a public road. However, *Weaver* is distinguishable from this case because, in *Weaver,* the officer arrived at the scene within minutes of the accident, and, therefore, there was not a reasonable possibility that the appellant, who appeared intoxicated to the officer upon his arrival, became intoxicated after the accident. *Id.* at 499.

In support of her argument that the State failed to prove that she was intoxicated while driving, appellant points out that there is no evidence that she did not consume alcohol between the time she allegedly drove the vehicle and the time the police arrived at the scene, which was over one and one half hours later. Furthermore, she argues that the State's expert witness, who explained the results of appellant's breath test, failed to connect the breath test taken at 4:45 a.m., at least two hours after the accident, to appellant's condition at the time she was driving. Appellant also points to the fact that while Officer Poff testified that she appeared intoxicated when he arrived at approximately 3:50 a.m., Stauber, who saw appellant immediately following the accident at 2:30, testified that he saw no indication that appellant was intoxicated at that time, and Purcell testified that appellant had only three glasses of wine and was not intoxicated when she left her at 1:30 a.m. Appellant also refers to Poff's testimony that there may have been beer cans in her car. However, the record reflects that upon cross-examination, Poff reviewed his written offense report and admitted that it did not mention any beer cans in the car. Poff did leave open, however, the possibility of beer cans around the car.

■■■ The standard of review for both direct and circumstantial evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App. 1984) (citing *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983)). A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused. *Id.* at 195. Thus, proof that amounts only to a strong suspicion or mere probability is insufficient. The burden of proof in a criminal case is on the State to prove every element of the offense beyond a reasonable doubt, whether the State is relying on circumstantial or direct evidence. *Id.* at 194.

Officer Poff's testimony that appellant was intoxicated when he arrived at 3:50 a.m., together with the breath test showing that appellant was intoxicated at 4:45 a.m., are *alone* not sufficient to establish that appellant was intoxicated at 2:30 a.m. when driving. The State did not ask Staub whether appellant had anything to drink while waiting for the wrecker, and thus did not exclude this hypothesis. Furthermore, the State's expert witness did not explain absorption and metabolization rates of intoxication, or in any way connect the breath tests results at 4:45 a.m. to appellant's condition when driving at 2:30 a.m. *See Weaver,* 721 S.W.2d at 499; *Mullan v.*

*State*, 668 S.W.2d 427, 428 (Tex.App.—Texarkana 1984, no pet.).

We, therefore, conclude that the State failed to show that appellant was intoxicated while driving, and hold that the evidence is insufficient to support the conviction.

Point of error one is sustained.

We have considered the other points of error and find them of no merit.

Having found insufficient evidence to support the conviction, we reverse the judgment of the trial court and render a judgment of acquittal.