Smith-CR v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-043-CR

     CHARLES RUSSELL SMITH,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court at Law No. 2
Brazos County, Texas
Trial Court # 1780-90
                                                                                                    

O P I N I O N
                                                                                                    

      Smith pleaded not guilty to a charge of driving while intoxicated, first offense, which
allegedly occurred in Brazos County on April 8, 1990. He was found guilty and received one year
probation and a fine. Smith appeals on two points of error: (1) The evidence was insufficient to
prove that he operated the vehicle and to show corpus delicti; (2) The evidence was insufficient
to prove that he was intoxicated at the time he operated the vehicle. We will reverse the judgment
and remand to the trial court with instructions to enter an order of acquittal.
      The only testimony at trial was that of Trooper Terry Field, the Department of Public Safety
trooper who had received a report of an accident on the night of April 8, 1990. He arrived at the
scene at approximately 10:55 p.m., some six minutes after receiving the accident report. 
      Upon arriving at the scene of the one-car accident, Trooper Field saw that a car had been
driven off the road and through a fence. He testified that Smith appeared intoxicated, and that
both Smith and a friend, Mark Ellison, had sustained visible but minor injuries. Field also noticed
several Budweiser cans inside the car, but nothing to indicate when they had been consumed. The
officer had actually stopped the same vehicle earlier in the evening for a minor traffic violation,
and Smith had been a passenger at that time. The car was not registered in Smith's name.
      It was the State's burden to prove that Smith was the operator of the vehicle, and it cannot
rely on Smith's extrajudicial statements alone, in this case Smith's recorded statement, to supply
that proof. See Pena v. State, 224 S.W.2d 258 (Tex. Crim. App. 1949); Coleman v. State, 704
S.W.2d 511, 512 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). Trooper Field admitted that
he had not seen Smith driving the car, and that nothing at the accident scene indicated that Smith
had been the driver or that alcohol had been involved in the accident. The State did not call any
witness who had seen the accident or observed who was driving. Nor did the State call Mark
Ellison, the person with Smith at the accident scene. The State failed to prove beyond a
reasonable doubt that Smith had been the operator of the vehicle when the accident occurred.
      Even if the State had proven that Smith had been driving the car at the time of the accident,
the evidence was nevertheless insufficient to prove that he was intoxicated at the time. The record
fails to reflect how much time had elapsed after the accident before it was reported and before
Field arrived at the scene. Field testified that there were already several firemen present at the
scene when he arrived. The record does not give any indication of how recently the car had been
driven or whether a fire was still burning when Field arrived. Smith was not seen driving the car,
and there is nothing in the record to indicate whether the beer had been consumed before or after
the accident. See Johnson v. State, 517 S.W.2d 536, 538 (Tex. Crim. App. 1975); McCafferty
v. State, 748 S.W.2d 489, 490 (Tex. App.—Houston [1st Dist.] 1988, no pet.). We sustain points
one and two, reverse the judgment, and remand to the trial court with instructions to enter a
judgment of acquittal.
                                                                                     PER CURIAM
Before Chief Justice Thomas,
      Justice Cummings,and
      Justice Vance
Reversed and acquittal ordered
Opinion delivered and filed November 18, 1992
Do not publish