COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






ALYSHA SMITH 
AKA: ALICIA SMITH

                            Appellant,

V.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §



No. 08-10-00147-CR

Appeal from the

County Criminal Court No. Two

of El Paso County, Texas 

(TC# 20090C08139) 






O P I N I O N

            Appellant appeals her conviction for the offense of driving while intoxicated. On appeal,
Appellant complains there is insufficient evidence to support her conviction, and that the trial
court erred in refusing to grant her motion for directed verdict on the grounds that the evidence is
legally insufficient. We affirm.
            On July 7, 2009, Deputies Joel Padilla and Cesar Paredes were conducting traffic control
at the scene of a motor vehicle accident when they saw Appellant’s vehicle pass by their location. 
As Deputy Padilla “[waved] the vehicles through,” Appellant’s vehicle caught his attention
because it slowed down, and Appellant rolled down her window, despite the deputy’s demand for
her to keep going. After Appellant’s vehicle departed the site, the two deputies continued to
conduct traffic control, and while waiting for a wrecker to pick up the vehicle involved in the
accident, they received another dispatch call, which indicated that there was a stalled vehicle at
the 400 block of East Vinton.


 When Deputy Padilla arrived at East Vinton, he observed
Appellant’s vehicle in the middle of the road, “off to its side.” Upon arriving at the scene, the
fire officer on site related to Deputy Padilla what he had observed, and then Deputy Padilla
approached Appellant’s vehicle from the driver’s side, whereas Deputy Paredes approached the
passenger’s side. When Deputy Padilla asked Appellant what was wrong, she answered that her
boyfriend had grabbed the vehicle’s wheel, and had removed the keys from the vehicle’s ignition. 
Once Deputies Padilla and Paredes began talking to Appellant, they noticed a strong odor of
alcohol emitting from her breath and person, that Appellant’s speech was slurred, and that she
had red, bloodshot eyes. Based on Appellant’s statement, the deputies identified the passenger
inside her vehicle as her boyfriend, who was highly intoxicated, had vomited all over himself,
and was passed out. Upon asking Appellant whether she had been drinking, she replied, “yes,”
and then Deputy Padilla asked her to step outside of her vehicle. As she exited the vehicle, she
was not able to maintain her balance, and almost fell down, so Deputy Padilla had to grab her
upper right arm to steady her. The deputy then escorted Appellant to the rear of her vehicle, and
he observed Appellant stagger as she walked to the back of it. When Appellant reached the back
of the vehicle, Deputy Padilla asked her to put her hands on the trunk, and informed her that she
was being arrested for driving while intoxicated. After Deputy Padilla placed handcuffs on
Appellant and started escorting her to his patrol unit, Appellant began using force to pull away
from him, and became belligerent and aggressive towards him. Several officers helped Deputy
Padilla place Appellant inside his patrol unit, but Appellant continued to resist. Appellant yelled
profanities at the officers, and attempted to kick, bite, and spit at them. While inside the patrol
unit, Appellant kicked the doors and windows, and so the officers decided to take her out for fear
that she would hurt herself or damage the unit. The officers eventually carried Appellant to the
nearest police station because she refused to walk on her own, and they placed Appellant inside a
holding cell there.
            The information charged Appellant with the Class B misdemeanor offense of “DRIVING
WHILE INTOXICATED,” and stated that “ON OR ABOUT THE 7TH DAY OF JULY, 2009 . .
. DEFENDANT, WHILE OPERATING A MOTOR VEHICLE IN A PUBLIC PLACE, WAS
INTOXICATED TO WIT: BY NOT HAVING THE NORMAL USE OF MENTAL AND
PHYSICAL FACULTIES BY REASON OF THE INTRODUCTION OF ALCOHOL INTO
THE BODY.” At the conclusion of trial, the jury convicted Appellant of the charged offense,
and assessed her punishment at imprisonment in the County Jail for a period of thirty days,
probated for two years, and a fine of $500. Appellant subsequently appealed the judgment and
sentence.
            In Issue One, Appellant argues the evidence is legally insufficient to support her
conviction for driving while intoxicated. In Issue Two, Appellant argues the evidence is
factually insufficient to support her conviction for driving while intoxicated. However, since
Appellant’s brief was filed, the Texas Court of Criminal Appeals has ruled that the only standard
applicable to determine whether the evidence is sufficient to support each element of a criminal
offense is the Jackson v. Virginia legal sufficiency standard. See Brooks v. State, 323 S.W.3d
893, 895 (Tex.Crim.App. 2010)(holding that “the Jackson v. Virginia legal-sufficiency standard
is the only standard that a reviewing court should apply in determining whether the evidence is
sufficient to support each element of a criminal offense . . . .”). Therefore, in the interests of
justice, and in light of the Brooks decision, we will construe Issue Two as a challenge to the legal
sufficiency of the evidence. See id. In Issue Three, Appellant argues the trial court erred in
denying her motion for instructed verdict on the grounds that the evidence is legally insufficient
to support her conviction for driving while intoxicated. Appellant’s third issue is in reality a
challenge to the legal sufficiency of the evidence supporting her conviction, and so we will apply
the standard of review applicable to a legal sufficiency challenge. See Hopper v. State, 86
S.W.3d 676, 678 (Tex.App.--El Paso 2002, no pet.). Because all three issues Appellant raises are
based on a legal sufficiency analysis, we will address all of the issues together.
            A legal sufficiency review requires the appellate court to determine whether,
“[c]onsidering all of the evidence in the light most favorable to the verdict, was a jury rationally
justified in finding guilt beyond a reasonable doubt.” Id. at 899, citing Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In conducting this review, we must
defer to the jury’s role as the sole judge of the credibility and weight that testimony is to be
afforded. Id. at 899.
            On appeal, Appellant does not dispute that the State failed to prove any elements to
support a conviction for DWI, except for the element of driving while intoxicated. Appellant
cites to McCafferty v. State, 748 S.W.2d 489 (Tex.App.--Houston [1st Dist.] 1988, no pet.), to
support her argument that “an accused having been intoxicated at the time the police arrived does
not in itself prove such intoxication at the prohibited time, i.e, when the accused was driving.” 
Appellant claims that McCafferty “held that proof that amounts only to a strong suspicion or
mere probability in [sic] insufficient. In both direct and circumstantial cases the standard of
review is whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.” We first note that the First Court of Appeals in McCafferty
employed the “reasonable hypothesis” analytical construct in that case in concluding that there
was insufficient evidence to support the defendant’s DWI conviction, but this construct no longer
applies because it has been abrogated by Geesa v. State, 820 S.W.2d 154, 160-61(Tex.Crim.App.
1991). The State is no longer required to negate every reasonable hypothesis other than the one
establishing a defendant’s guilt, and is required only to establish that guilt beyond a reasonable
doubt. Geesa, 820 S.W.2d at 155. Furthermore, appellate courts now apply the same legal
sufficiency analysis to cases proved by either circumstantial or direct evidence, and a conviction
can be supported entirely by circumstantial evidence. See Geesa, 820 S.W.2d at 160-61.
            A person commits an offense of driving while intoxicated if she is intoxicated while
operating a motor vehicle in a public place. Tex.Pen.Code Ann. § 49.04(a)(West 2011). Such
an offense is a Class B misdemeanor, with a minimum confinement term of 72 hours. Id. at
§ 49.04(b). For evidence to be sufficient to support a conviction for driving while intoxicated,
there must be a temporal link between the defendant’s intoxication and her driving. Kuciemba v.
State, 310 S.W.3d 460, 462 (Tex.Crim.App. 2010). However, a conviction can be supported
solely by circumstantial evidence. Id. at 462. In Kuciemba, the evidence established the officer
arrived at the accident scene fifteen to twenty minutes after receiving a report that a motorcycle
had been observed in the ditch by a passing motorist. Id. at 462. The officer first observed the
defendant lying in the ditch next to his motorcycle, and the defendant proceeded to tell the officer
that he had been operating the motorcycle on the county road immediately prior to losing control
and landing in the ditch. Kuciemba, 310 S.W.3d at 462. The officer also observed the
defendant’s symptoms of intoxication upon first encountering him. Id. at 462. In that case, there
was no evidence of other persons, liquor, or liquor containers in the area where the officer found
the defendant, or any other evidence to support an inference that the defendant had the means or
opportunity of ingesting alcohol from the time he lost control of the motorcycle until the officer
found him lying beside it in the ditch. Id. at 462-63. Reversing the lower court’s decision that
there was legally insufficient evidence to support the defendant’s DWI conviction in Kuciemba,
the Court of Criminal Appeals indicated: “Being intoxicated at the scene of a traffic accident in
which the actor was a driver is some circumstantial evidence that the actor’s intoxication caused
the accident . . . .” Id. at 462. The Court of Criminal Appeals also indicated that although the
State did not offer any evidence to exclude the possibility that the defendant had ingested alcohol
from the time he lost control of the motorcycle until the officer found him in the ditch, the State
did not have to disprove every theoretical hypothesis besides guilt to meet its burden of proving
guilty beyond a reasonable doubt. Id. at 463. The Court continues: “In this case, it can
reasonably be inferred that the deputy found Blackman where he had come to rest after losing
control of his motorcycle and that Blackman’s state of intoxication at that time existed when he
last operated the motorcycle on the county road.” Id. at 463. Based on this rationale among
others, the Court of Criminal Appeals reversed the court of appeals’ judgment. Id. at 463.
            In this case, the two deputies first observed Appellant driving a white vehicle at a very
low speed past the site where the motor vehicle accident occurred, and they had to tell her to
move on a few times. The deputies were then dispatched to the 400 block of East Vinton for a
reported traffic hazard, and when they arrived, they saw the same white vehicle in the middle of
the road, “off to its side.” Approximately thirteen to fifteen minutes had gone by from the time
the deputies observed Appellant driving by the accident scene to their encounter with her on East
Vinton. During this second encounter, the officers found Appellant in the driver’s seat, and she
related to Deputy Padilla that her boyfriend, a passenger in the vehicle, had grabbed the wheel
and taken the key from the vehicle’s ignition. Both deputies testified that they observed
symptoms of Appellant’s intoxication, including a strong odor of alcohol emanating from her
breath and person, her red, bloodshot eyes, and her slurred speech. Upon asking Appellant
whether she had been drinking, she replied, “yes,” and then Deputy Padilla asked her to step
outside of her vehicle. As she exited the vehicle, she was not able to maintain her balance, and
almost fell down, so Deputy Padilla had to grab her upper right arm to steady her. Deputy
Paredes testified that Appellant walked to the rear of the vehicle, “but she was stumbling. She
couldn’t maintain her balance.” Moreover, Deputy Padilla testified that he did not observe any
alcoholic containers in Appellant’s vehicle that night.
            On appeal, Appellant does not contest that she was intoxicated when the officers found
her on East Vinton, but she argues that there was no evidence indicating she was intoxicated
when she was driving past the accident scene during her first encounter with the deputies. 
However, Appellant’s state of intoxication during her second encounter with the deputies, where
her parked car created a traffic hazard on a public roadway, constitutes some circumstantial
evidence that her state of intoxication combined with her operation of the motor vehicle led to
this hazard. See Kuciemba, 310 S.W.3d at 462. Moreover, a mere thirteen to fifteen minutes had
passed between her first and second encounter with the deputies, which supports a finding of a
temporal link. See Keenan v. State, 700 S.W.2d 12, 14 (Tex.App.--Amarillo 1985, no
pet.)(holding that jury reasonably concluded that defendant was guilty of driving while
intoxicated where there was a small time lapse between the first sighting of defendant behind the
wheel of his vehicle with engine running and the second sighting when he was found intoxicated
in his vehicle). Contrary to Appellant’s argument that proof amounting only to a strong
suspicion or mere probability is insufficient, the Court of Criminal Appeals has indicated that it
“[does] not regard the State’s burden of proving guilt beyond a reasonable doubt as requiring it to
disprove every theoretical hypothesis other than guilt.” Kuciemba, 310 S.W.3d at 463. As such,
in meeting its burden of proof, the State did not have to offer any evidence to exclude the
possibility that Appellant had ingested alcohol between the time the deputies first observed
Appellant driving the vehicle to the time they encountered her in an intoxicated state in the
parked vehicle. The jury could have reasonably inferred that Appellant drove from the accident
scene to the 400 block of East Vinton, where her vehicle stalled, and that she was in a state of
intoxication when she last operated the vehicle on the public road. Viewing the evidence in the
light most favorable to the verdict, we conclude that the evidence in this case is legally sufficient
to support the conviction. We also hold that the trial court did not err in denying Appellant’s
motion for directed verdict. Accordingly, we overrule all of Appellant’s issues.
            The trial court certified Appellant’s right to appeal in this case, but the certification does
not bear Appellant’s signature indicating that she was informed of her rights to appeal and to file
a pro se petition for discretionary review with the Texas Court of Criminal Appeals. See
Tex.R.App.P. 25.2(d). The certification is defective, and has not been corrected by Appellant’s
attorney or the trial court. To remedy this defect, this Court ORDERS Appellant’s attorney,
pursuant to Tex.R.App.P. 48.4, to send Appellant a copy of this opinion and this Court’s
judgment, to notify Appellant of her right to file a pro se petition for discretionary review, and to
inform Appellant of the applicable deadlines. See Tex.R.App.P. 48.4, 68. Appellant’s attorney
is further ORDERED to comply with all of the requirements of Tex.R.App.P. 48.4.
            Having overruled Appellant’s issues presented for review, we affirm the trial court’s
judgment.


September 28, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)